# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HEATH WRIGHT, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | NO. CIV-09-0840-HE |
| ) | |
| TRINIDAD DRILLING, LP, ET AL., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This case arises out of a drilling rig accident which occurred on November 26, 2007, near Wheeler, Texas. Plaintiff Heath Wright was seriously injured when a section of the drilling rig on which he was working fell on him. He has now sued both his employer, Trinidad Drilling, LP, and its general partner Trinidad Drilling LLC (collectively, "Trinidad"), and the manufacturer of the rig, Global Energy Services Operating, LLC ("Global").[1] His claim against Trinidad asserts that Trinidad's actions were of such a nature that it was substantially certain injury to him would occur from those actions, hence rendering the "exclusive remedy" provisions of Oklahoma's worker's compensation law inapplicable. His claim against Global is a products liability claim. He asserts the rig was defectively designed, and the warnings as to it inadequate, so as to render Global liable under the doctrine of strict liability in tort. Plaintiff Heath Wright's wife, Megen Wright, also asserts a claim against both Trinidad and Global for loss of consortium.

---

[1]*The amended complaint identifies multiple entities as being involved in both the employment relationship and responsible parties as to the products claim. However, the parties appear to now concede that the proper parties are as indicated.*

Three summary judgment motions are now pending and at issue, one relating to each of the claims.[2] This order addresses Global's motion, which seeks a determination of the law applicable to plaintiff's products liability claim, and defendants' joint motion as to the claims of Megen Wright. The motion of Trinidad as to the choice of law issues applicable to the claims against it will be addressed separately in due course.

## Choice of law - products claim

Global has moved for a determination that the law of Texas applies to the issue of whether the drilling rig involved here was defective. Plaintiff argues that Oklahoma law should apply. Global indicates the difference in the two states' laws material to this claim is that Texas law requires a products liability plaintiff to establish the existence of a "safer alternative design," where Oklahoma law does not.[3]

In making a choice of law determination in a case based on diversity jurisdiction, a federal court first determines whether the matter in issue is procedural or substantive in nature. Where, as here, the issue is substantive, the court follows the law of the forum state, including its choice of law principles, to determine the applicable substantive law. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78 (1938); Boyd Rosene and Assoc., Inc. v. Kansas

---

[2]*At the February 2010 status conference, the court gave the parties leave to file appropriate motions directed to the various choice of law issues, with the understanding that further summary judgment motions will be permitted as to other issues in the case.*

[3]*Plaintiff objects that Global's summary judgment brief does not articulate a difference between the two states' laws and, indeed, Global did not do so until its reply brief. However, as the parties had discussed the need for a procedure for resolving conflict of laws issues at the status conference and both appeared to agree one existed, Global's apparent assumption that the parties agreed a conflict existed was not unreasonable. In any event, the submissions satisfy the court that a material difference exists sufficient to justify a choice of law determination.*

Mun. Gas Agency, 174 F.3d 1115, 1118 (10th Cir. 1999). The question thus becomes whether, applying Oklahoma's choice of law principles, Texas or Oklahoma law should be applied to determine whether the product in question here was defective.

Oklahoma has adopted the approach of the Restatement (Second) of Conflicts of Law (1971) in determining the applicable substantive law in tort cases. In Brickner v. Gooden, 525 P.2d 632 (Okla. 1974), the Oklahoma Supreme Court stated:

> We hold, as a general principle, that the rights and liabilities of parties with respect to a particular issue in tort shall be determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties. The factors to be taken into account and to be evaluated according to their importance with respect to the particular issue, shall include:
>
> (1) the place where the injury occurred,
>
> (2) the place where the conduct causing the injury occurred,
>
> (3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
>
> (4) the place where the relationship, if any, between the parties occurred.[4]

*Id.* at 634. Plaintiff and Global are in agreement that these are the standards applicable to the present determination.[5]

Applying these principles to the present circumstances, the court concludes Texas has the most significant relationship to the determination of whether the rig in question was

---

[4]*The Restatement refers to this element as involving where the relationship between the parties "is centered," a formulation more useful in tort cases.*

[5]*See also* Ysbrand v. Daimler-Chrysler Corp., 81 P.3d 618 (Okla. 2003), *which discusses general Restatement principles, based on §6 of the Restatement, in this context, and* Graves v. Mazda Motor Corp., 598 F.Supp.2d 1216 (W.D.Okla. 2009).

defective and that its substantive law applies to that issue.[6] The place where the injury occurred was in Texas. The rig in question, a Quick Silver Drilling System rig, was manufactured in Texas. The parties agree the rig was "injected into the stream of commerce" in Texas and that Trinidad employees went to Texas for orientation as to, and demonstration of, the rig. The manufacturer's principal place of business was in Texas. Against these considerations, plaintiff relies on the fact that he was an Oklahoma resident and continued to live in Oklahoma during the time he worked on the rig in Texas.[7] He also argues that the rig's operations were supervised by his employer, Trinidad, from Trinidad's Woodward, Oklahoma, field office and that the rig in question might as easily have been assigned to Oklahoma as to Texas. He also submits evidence that parts for the rig were available through companies in Oklahoma. However, evaluating the above,[8] the court has little difficulty in concluding that Texas has the more significant relationship to the "defect" issue and that this application of the Brickner/§145 standards is fully consistent with the general principles guiding choice of law determinations under Restatement principles.[9] The underlying issue

---

[6]*As the* Brickner *language makes clear, the choice of law determination is made with respect to* the particular issue *in tort, hence the court's determination of this issue does not control or foreshadow its determination with respect to other choice of law questions in this case.*

[7]*Plaintiff notes that Oklahoma income taxes were withheld from his wages. The court does not view that fact as significant in this context.*

[8]*The parties spar over whether it was more "fortuitous" that the plaintiff happened to live in Oklahoma or that the rig happened to be used in Texas. In the circumstances existing here, the fact that a plaintiff who consistently reported for work in Texas happened to live in Oklahoma strikes the court as more fortuitous and of less consequence to the present determination.*

[9]*Section 145 involves the application, in a tort context, of the more general choice of law principles set out in §6 of the Restatement.*

here relates to the rig and it is undisputed as to where it was made, sold, used, and where the injury occurred. All were in Texas.

Accordingly, defendant Global's motion for determination of applicable law [Doc. #47] is GRANTED. Texas law will apply to the determination of whether the rig at issue was defective.

## Consortium claim of Megen Wright

Global and Trinidad have moved for summary judgment as to plaintiff Megen Wright's claim for loss of consortium, arguing that she was not married to plaintiff Heath Wright at the time of the accident and that, under either Texas or Oklahoma law, the existence of a valid marriage is necessary to a claim for loss of consortium. Plaintiff Megen Wright does not dispute that general principle, but argues that she and Heath Wright had a common law marriage relationship as of the date of the accident.[10] The parties dispute whether the facts are sufficient to create a justiciable issue as to the existence of a common law marriage relationship.[11]

In order to establish a common law marriage under Oklahoma law, it must be shown that competent parties entered into a permanent and exclusive marriage relationship by mutual agreement and that the marriage was consummated by cohabitation and open assumption of marital duties. Mueggenborg v. Walling, 836 P.2d 112, 113 (Okla. 1992).

---

[10]*The parties were formally married some time after the accident.*

[11]*The parties appear to agree that Oklahoma law determines whether a common law marriage existed between them. Given their Oklahoma residency and the related circumstances, that conclusion is reasonable.*

Further, this showing must be by "clear and convincing" evidence. *Id.*

The court concludes plaintiff has submitted evidence sufficient to create a justiciable question as to the existence of a common law marriage.[12] Mrs. Wright has presented some evidence that she and Mr. Wright referred to each other as husband and wife and that they did so in the presence of friends and family. There is evidence that the two lived together, leased property together, and maintained accounts together. Although the question is close given the applicable "clear and compelling" standard, the court concludes the evidence is sufficient to create a justiciable question.[13]

Defendants' motion for summary judgment as to the consortium claim will be denied.

<u>Summary</u>

For the reasons stated, defendant Global's motion for determination of state law [Doc. #47] is **GRANTED**. Defendants' motion for summary judgment as to the consortium claim [Doc. #49] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 11th day of August, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[12]*The Rule 56 standard applicable to summary judgments is familiar and will not be repeated here.*

[13]*The court does so in spite of the fact that plaintiff's repeated references to her "engagement" ring eventually changing into a "wedding" ring are unsupported by the portion of the record to which she cites.*